**Susan E. KOWELMAN, Appellant,**

v.

**Nicholas A. FRANKE, Respondent.**

**No. ED 86537.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 18, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 2006.

Nicholas A. Franke, St. Louis, MO, pro se.

Arthur H. Nissenbaum, St. Louis, MO, for respondent.

Before NANNETTE A. BAKER, P.J., ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J.

*ORDER*

PER CURIAM.

Nicholas A. Franke ("Father") appeals from a St. Louis County Circuit Court Judgment of Modification ("Judgment") granting Father's motion to abate child support in part and denying in part and in granting Susan E. Kowelman's ("Mother") motion for modification of support obligation and awarding Mother attorneys' fees.

Father essentially claims five points on appeal.[1] First, he claims that the trial court erred in ruling that manifest circumstances excused compliance with the 12 credit hour college requirement of Section 452.340.5.[2] Second, he contends that the trial court erred in ruling that support did not abate during the Spring 2004 semester under Section 452.340.5. Third, he alleges that the Spring 2004 abatement continued into the Summer 2004 term. Fourth, he argues that the trial court erred in modifying the support amount because Susan E. Kowelman ("Mother") presented no evidence of a substantial and continuing change in circumstances. Fifth, he claims that the trial court erred in ordering Fa-

---

1. Although Father claims eight errors on appeal in his brief, he essentially has five points on appeal. The eight points on appeal that Father claims, as written, are: (1) Compliance with the college credit requirement was within [Child's] control; (2) The [trial court] did not and could not find that [Child's] failure to obtain 12 credit hours was temporary; (3) The [trial court] did not and could not find that the student intended to meet the 12 credit requirement in the next semester after failing to meet that requirement; (4) The support abated when transcripts were not timely provided at the beginning of the Spring 2004 semester; (5) The support abated because the encoded electronic files did not satisfy the official documents requirement; (6) The

abatement continued through Summer 2004 because the transcripts requirement was not met; (7) The failure to prove a substantial change in circumstances barred a support increase; (8) The prior waiver prohibited the attorneys' fee award. In this memo, we have consolidated Father's points 1 through 3 as his first point on appeal and Father's points 4 through 5 as his second point on appeal. Father's point 6 is his third point on appeal. Father's points 7 and 8 are respectively his third and fourth points on appeal.

2. All statutory references are to RSMo.2004, unless otherwise indicated.

ther to pay part of Mother's attorneys' fees and costs because voluntary waivers of attorneys' fees and costs are binding. We find no error and affirm.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).